| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTION TO REMAND (DKT. 9)**

Defendant Marriott Ownership Resorts, Inc. ("Marriott") removed this employment dispute to federal court, asserting this Court had diversity jurisdiction. (Dkt. 1.) Plaintiff Robert Prestwood now moves to remand this case to Orange County Superior Court. (Dkt. 9.) Plaintiff's motion is GRANTED.

## 1. BRIEF BACKGROUND

Plaintiff Robert Prestwood filed this lawsuit in California state court on January 23, 2019, alleging violations of the California Labor Code "on behalf of himself and in his representative capacity" under the Labor Code Private Attorneys General Act ("PAGA"), Labor Code § 2698 *et seq*. (Complaint, Dkt. 1-1.) Plaintiff filed a First Amended Complaint ("FAC") on March 22, 2019 and removed his request for underpaid wages under Labor Code § 558. The FAC seeks only civil penalties under Labor Code §§ 226.3 and PAGA.

Marriott filed a notice of removal on April 26, 2019, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Prestwood is a California citizen, and Marriott is a Delaware corporation with its principal place of business in Orlando, Florida. (FAC ¶ 11, Notice of Removal ("Removal") (Dkt. 1) at 6.) The parties do not dispute that Marriott and Prestwood are diverse from each other. Rather, they dispute (1) whether Prestwood or the state of California is the party whose citizenship matters for diversity purposes, (2) whether the amount in controversy exceeds $75,000, and (3) whether Defendant's notice of removal was timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

## 2. PRELIMINARY MATTER

Local Rule 7-3 requires that, "at least seven (7) days prior to the filing of the motion," "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. The Court "may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." (L.R. 7-4.) It appears that a phone conference between counsel took place on April 26, 2019 after Defendant filed a notice of removal. While Defendant acknowledges that Plaintiff's counsel made some general comments regarding the case's removability, the parties disagree about the substance of the call and whether it meets Local Rule 7-3 requirements. *See* Kulkarni Decl. ¶ 2, Murray Decl. ¶¶ 2-3. Because *some* efforts were made and Defendant had notice of Plaintiff's basic position, the Court will consider Plaintiff's motion on the merits. Generally, however, the Court expects more robust compliance with Local Rule 7-3 and may decline to consider a motion if the parties have not engaged in thorough meet and confer.

## 3. LEGAL STANDARD

"To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009)**;** *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Padilla*, 697 F. Supp. 2d at 1158 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). "Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

## 4. ANALYSIS

### 4.1 Citizenship

Plaintiff doesn't challenge that Defendant is a citizen of Delaware and Florida and is thus diverse from him. Instead, he argues that because the state of California is the real party in interest in this action, his own citizenship is irrelevant to diversity jurisdiction. (Motion to Remand ("Mot.") at 4.) And since states cannot be "citizens" for purposes of 28 U.S.C. § 1332, Plaintiff's asserts there is no basis for diversity jurisdiction. (*Id.* 4-5.) However, courts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases. *See, e.g., Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1035 (N.D. Cal. July 21, 2014). Plaintiff cites dicta from a Ninth Circuit case that the "state, as the real party in interest [in a PAGA suit], is not a 'citizen' for diversity purposes." *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013). But Plaintiff takes that statement from *Urbino* out of context. The *Urbino* Court was considering a different question – whether the state's claims counted toward the minimum amount in controversy threshold. It stated that "[t]o the extent Plaintiff can – and does – assert anything but his individual interest . . . [it was] unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction." *Id.* at 1122-1123. As other courts have clarified, *Urbino* "[doesn't] hold[ ] that in PAGA actions the state is always an actual party or that a representative plaintiff is always a nominal party, thereby precluding diversity jurisdiction." *Solis v. Dunbar Armored, Inc.*, No. 17-cv-2193 DMS (JLB), 2018 U.S. Dist. LEXIS 467, at *4-5 (S.D. Cal. Jan. 2, 2018).

Under Plaintiff's theory, PAGA claims could never be removed to federal court on diversity grounds, because the un-citizened state as the real party in interest would always defeat diversity. And this is clearly not the case. *See, e.g., Thomas v. Aetna Health of California, Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011) (recognizing that removal based on diversity was proper where plaintiff of diverse citizenship from her former employers brought a PAGA claim against them); *Chavez v. Time Warner Cable LLC*, CV12-5291 RGK (RZx), 2016 WL 1588096, at *2 (C.D. Cal. Apr. 20, 2016) (on remand from the Ninth Circuit to determine whether the court had diversity jurisdiction, labeling the plaintiff's proposition that "it is impossible for complete diversity to exist in a case which contains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

claims for PAGA penalties" as "utterly erroneous."). The *Winters v. Aimco Holdings, Inc.* case cited by Plaintiff (No. 18:cv-1937-JAH-MDD, 2018 WL 6567113 (S.D. Cal. Decl. 13, 2018) appears to be an outlier, and the Court declines to depart from ample authority showing that the named plaintiff's citizenship is the linchpin for diversity in PAGA cases. *See, e.g., Gunther v. Int'l Bus. Mach. Corp.*, No. CV16-2541 PSG (MRWx), 2016 WL 3769335, *3 (C.D. Cal. July 14, 2016) (rejecting plaintiff's interpretation of *Urbino* and denying motion to remand where "Plaintiff [wa]s a citizen of California and Defendant [wa]s a citizen of New York"). Defendant has thus established that the parties in this action are diverse under 28 U.S.C. § 1332.

### 4.2 Amount in Controversy

A defendant seeking to remove a case to a federal court need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff does contest that allegation, then the Court must find "*by the preponderance of the evidence*, that the amount in controversy exceeds" the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added). In such cases, "*both sides submit proof* and the [district] court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added). *See also Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 2038 (N.D. Cal. 2014) (applying preponderance of the evidence standard on a motion to remand a PAGA case).

When an aggrieved employee brings a claim under PAGA, his claims are not aggregated with those of other employees for purposes of the amount in controversy. *See Urbino v. Orkin Servs.*, 726 F.3d 1118 (9th Cir. 2013). And Defendant doesn't argue otherwise. (Removal, ¶ 21.) Also, because the FAC abandons certain claims from the original Complaint, Plaintiff now seeks only civil penalties, interest, and attorney's fees under PAGA. Many of the forms of relief typical in labor and employment cases, like compensatory and punitive damages, are thus not at issue here.

Some of Plaintiff's arguments regarding amount in controversy are misplaced. For example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

he has not filed an affidavit limiting the amount in a way that would satisfy the rule in *Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 1038-1039 (N.D. Cal. 2014). But for other reasons, the Court finds Defendant hasn't met its burden to show the amount in controversy is over the $75,000 threshold.

Despite some debate at the district court level, the weight of opinion is that only 25% of the civil penalties sought in a PAGA action, the amount that accrues to employees rather than the LWDA, should be counted toward the amount in controversy. *Rael v. Intercontinental Hotels Grp. Res., Inc.*, Case No. 2:18-cv-05922-ODW (SSx), 2019 WL 990432, at * 3 (C.D. Cal. Mar. 1, 2019) (limiting the amount in controversy calculation to the 25% penalty payable to Plaintiff); *Hernandez v. Dunbar Armored, Inc.*, Case No. 18-CV-1046 JLS (LLx), 2019 WL 1324743, at *4-5 (S.D. Cal. Mar. 25, 2019) ("The Court sees no logical reason for [c]ourts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share).") (internal citations omitted); *Olson v. Michaels Stores, Inc.*, No. 17-CV-03403 AB (GJSx), 2017 WL 3317811, at *4 (C.D. Cal. Aug. 2, 2017) (counting 25% of estimated civil penalties toward amount in controversy); *cf. Patel*, 58 F. Supp. 3d *at* 1048.

Plaintiff alleges that the civil penalties sought are under $75,000. (FAC ¶ 8.) His PAGA claim is essentially that he worked more than the statutory minimum hours per day without being given appropriate meal and rest periods and thus didn't receive accurate wage statements. (FAC ¶¶ 38-44.) By Defendant's most generous estimates, and assuming a 100% violation rate for the 38 pay periods and 43 wages statements in controversy, the civil penalties could reach $46,000. (Opp'n (Dkt. 10) at 12-13; Ouellette Decl. at ¶ 3.) But as just explained, the Court reduces the amount in controversy to 25% to account for the distribution of penalties between employees and the state in PAGA cases, or $11,500 in this case. *See, e.g., Pagel v. Dairy Farmers of Am., Inc.*, 986 F.Supp.2d 1151, 1154-55 (C.D. Cal. 2013) (only 25% of the employees' PAGA recovery counts towards the jurisdictional minimum).

In any case, Defendant hasn't shown by a preponderance of the evidence that the attorney's fees in this case will bring the amount in controversy over the $75,000 threshold.

"Though the Ninth Circuit has not expressly ruled on the issue, courts have applied the same anti-aggregation rule the Ninth Circuit applied to PAGA penalties in *Urbino* to attorneys' fees:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

'When the rule is that claims are not aggregated ... it 'would seriously undermine' the [anti-aggregation] rule to allow attorney[s'] fees to be allocated solely to a named plaintiff in determining the amount in controversy." *Olson*, 2017 WL 3317811 at *4 (internal citations omitted). Following this standard, Plaintiff has thus put in controversy only his *pro rata* share of attorney's fees. *Id.* at *5. *See also Patel v. Nike Retail Services, Inc.*, N.D. Cal. 2014, 58 F. Supp. 3d 1032 (only the portion of attorney's fees attributable to representative employee, as plaintiff in removed PAGA action, counted towards the amount in controversy).

As in *Olson*, Plaintiff hasn't provided an estimate for his potential attorney's fees. Marriott offered only comparative hourly rates and benchmarks from similar cases, and they report that fees in such cases range from about $315,000 to $1.1 million. (Opp'n at 17-18.) As already explained, that amount must then be reduced to Plaintiff's *pro rata* share. *See Olson*, 2017 WL 3317811 at *5. Defendant believes this PAGA action may involve more than 200 individuals. *See, e.g.,* Ouellette Decl. at ¶ 4. Even accepting that total attorney's fees in this case are in the high end of the range suggested by Defendants ($1.1 million), Plaintiff's *pro-rata* share would still be less than that required to bring the amount in controversy to $75,000.

Where anticipated future fees are considered part of the amount in controversy, courts require "defendants to provide a reasonably specific showing as to why a certain fee award is appropriate." *Gaasterland v. Ameriprise Fin. Servs., Inc.*, 2016 WL 4917018, at *10 (N.D. Cal. Sept. 15, 2016); *see also Williams v. ETC Inst.*, No. 18-CV-01011-MEJ, 2018 WL 3105117, at *12 (N.D. Cal. June 25, 2018) (slip op.). Defendant hasn't provided such a reasonably specific showing of the fee award, which in this case would need to account for the majority of the amount in controversy. Indeed, Defendant hasn't even provided a specific estimate for total civil penalties in this case, and since attorney's fee estimates often reference a percentage of the award calculation, this makes Defendant's fee estimate more speculative.

In short, Defendant hasn't shown by a preponderance of the evidence that the amount in controversy is at least $75,000, and remand is thus appropriate.

Plaintiff has also raised a timeliness of removal issue, but finding insufficient basis for diversity jurisdiction here, the Court need not comment on timeliness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00766 AG (SSx) | Date | June 18, 2019 |
|---|---|---|---|
| Title | ROBERT PRESTWOOD v. MARRIOTT OWNERSHIP RESORTS, INC. | | |

**5. DISPOSITION**

Diversity jurisdiction remains a viable door to federal jurisdiction in these modern times. But as noted, this Court must jealously guard the door to the federal courts. The analysis here correctly applies rules in calculating damages that properly limit diversity jurisdiction.

Defendant has failed to meet its burden to demonstrate that the amount in controversy necessary to establish federal diversity jurisdiction is established. This action is hereby REMANDED to Orange County Superior Court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |